UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14004-CR-CANNON/Maynard

UNITED STATES OF AMERICA,

v.

BOB ANDY PRITCHARD,

     Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION

THIS MATTER comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation on Defendant's Motion to Suppress [ECF No. 36].  The Report recommends denial of Defendant's Motion to Suppress Physical Evidence [ECF No. 22].[1]  The Court has reviewed the Report [ECF No. 36], Defendant's Objections to the Report [ECF No. 4], the United States' Objection to the Report (for Preservation Purposes) [ECF No. 42], and the full record on the Motion, including the transcripts of the evidentiary hearings and related exhibits [ECF Nos. 22, 25, 29, 30, 32–34, 35, 39].

Upon de novo review of those portions of the report to which objection has been made, it is ORDERED AND ADJUDGED as follows:

_____

[1] Defendant initially also moved to suppress post-arrest statements but then withdrew that aspect of his Motion [ECF No. 29 pp. 3–5].

CASE NO. 25-14004-CR-CANNON/Maynard

1.  The Report and Recommendation [ECF No. 23] is **ACCEPTED**.[2] [3]

2.  Defendant's Motion to Suppress, as narrowed, is **DENIED** [ECF No. 22].

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of July 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[2] For the first time in his objections to the Report, Defendant makes a passing request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) [*see* ECF No. 43 p. 4]. This conclusory "argument" is forfeited. Defendant also purports in his second objection to challenge "the entirety of the report and recommendation," without identifying what particular facts or conclusions he challenges [ECF No. 43 p. 4]. This unspecific "catchall" objection is not a proper objection. 11th Cir. R. 3-1; *see* 28 U.S.C. § 636(b)(1)(C).

To the extent Defendant's first objection, spanning pages 2 through the first half of page 4, can be deemed a specific objection, it fails [ECF No. 43]. Contrary to Defendant's assertions, the Report clearly considers "the entire factual circumstances" surrounding the search [ECF No. 43 p. 2]. The Report also clearly and properly addresses Defendant's "failure to record" argument, and in so doing also properly recognizes that Defendant failed to show an investigatory purpose behind the search [ECF No. 43 p. 3; ECF No. 36 pp. 10–11 & n.6; ECF No. 36 p. 15; ECF No. 43 p. 4].

[3] The Court has also considered the United States' arguments related to subsection 2(e) of the Tow Policy and agrees with the Report and its associated findings on that issue [ECF No. 42 p. 3; ECF No. 36 pp. 12–13]. Defendant exhibited a strong willingness to determine the disposition of the vehicle, and there is insufficient evidence to believe, even under a "realm of reason" allowance, *Sammons v. Taylor*, 967 F.2d 1533 (11th Cir. 1992) (internal quotation marks omitted), that Defendant was unable to dispose of the vehicle. True, Defendant did not wish to volunteer his phone passcode to law enforcement—and ultimately indicated he would make a call at the jail (after officers would not let him hold the phone on his own at the scene). But that decision to call at the jail did not provide a basis on this record for officers to believe that Defendant was unable to dispose of the vehicle [ECF No. 36 p. 5]. Nothing in this conclusion should be construed to detract from the Report's well-reasoned conclusion that officers possessed authority to impound under subsection (2)(i) of the Tow Policy [ECF No. 36 pp. 13–17].